The State v. Allen.

---

No. 20,437.

The State of Kansas, *Appellee,* v. George B. Allen, *Appellant.*

Appeal from Méade district court; Littleton M. Day, judge. Opinion denying a rehearing filed November 16, 1916. (For former opinion of affirmance see 98 Kan. 778.)

*J. P. McLaughlin,* of Osage City, *R. W. Griggs, F. M. Davis,* both of Meade, *C. E. Cooper, John Madden,* both of Parsons, and *Wallace Hughes,* of Guymon, Okla., for the appellant.

*S. M. Brewster,* attorney-general, *Frank S. Sullivan,* county attorney, and *John W. Davis,* of Greensburg, for the appellee.

OPINION DENYING A REHEARING.

*Per Curiam:* It is complained that the opinion fails to give due consideration to alleged errors in overruling defendant's motion for a new trial. Affidavits were presented showing that, during the closing argument by counsel for the prosecution, and at other times during the trial, there was applause by the spectators, indicating a feeling against defendant, and that this prejudiced the jury against him. The record shows that counsel for the defendant objected but once to these occurrences, and that the court admonished the spectators to refrain from future demonstrations, and further admonished the jury to disregard them. Criminal trials are usually public, and the control of matters of this kind is left necessarily to the discretion of the trial court. That court heard the evidence and decided that nothing occurred at the trial which was so prejudicial to defendant as to justify setting aside the verdict, and there is nothing in the record to indicate error or abuse of

discretion in the refusal to grant a new trial. This claim of error was intended to be disposed of in the former opinion by the statement that the trial court had not abused its discretion in any of the instances of which the defendant complains.

Another claim of error was not touched on in the opinion, and is thought to deserve special comment. It relates to the exclusion of the testimony of Con Wasson concerning what he saw when he passed the railroad bridge on his way to town. This was properly excluded for the reason that the matters sought to be brought out were not communicated to defendant prior to the homicide.

The affirmance of the judgment and the former opinion will be adhered to.